Ramona and Lee STEGEMOLLER, Appellants (Plaintiffs Below),

v.

ACANDS, INC., et al., Appellees (Defendants Below).

No. 49S02–0111–CV–593.

Supreme Court of Indiana.

May 17, 2002.

Linda George, W. Russell Sipes, Laudig George Rutherford & Sipes, Indianapolis, IN, for Appellants.

Michael A. Bergin, Julia Blackwell Gelinas, Daniel M. Long, Locke Reynolds LLP, Indianapolis, IN, for Appellees.

SHEPARD, Chief Justice.

Ramona Stegemoller allegedly contracted a disease as a result of contact with asbestos fibers brought home on the person and clothing of her husband Lee, a union insulator. The trial court dismissed the Stegemollers' suit on the basis that Ramona lacked standing under Indiana's Product Liability Act. The Court of Appeals affirmed. *Stegemoller v. ACandS, Inc.*, 749 N.E.2d 1216, 1220 (Ind.Ct.App. 2001).

We granted transfer, 761 N.E.2d 423 (Ind.2001), and now hold that she has standing as a bystander under the Act.[1]

## Analysis

■ The Act governs actions by users or consumers against manufacturers or sellers for physical harm caused by products. Ind.Code Ann. § 34–20–1–1 (West 1999). For purposes of the Act, "consumer" includes "any bystander injured by the product who would reasonably be expected to be in the vicinity of the product during its reasonably expected use." *Id.* § 34–6–2–29. Who qualifies under this statutory definition is a legal question, to be decided by the court. *Estate of Shebel v. Yaskawa Elec. Am., Inc.*, 713 N.E.2d 275, 279 (Ind. 1999).

■ In *Dague v. Piper Aircraft Corp.*, 275 Ind. 520, 528, 418 N.E.2d 207, 212 (1981), we determined that it was "clear the legislature intended that the [A]ct govern all product liability actions, whether the theory of liability is negligence or strict liability in tort." This conclusion has particular support in asbestos-related actions. Within the Act is Ind.Code Ann. § 34–20–3–2 (West 1999), which specifically addresses the time frames for bringing such claims, including those based on disease resulting from asbestos exposure.

■ The manufacturers and other defendants would have us hold that Mrs. Stegemoller lacks standing under the Act and cannot otherwise maintain a negligence claim because the Act "provides the

---

1. Defendant Owens Corning has filed for bankruptcy, and this decision is thus subject to the applicable rules of bankruptcy law as to it.

sole and exclusive remedy for personal injuries allegedly caused by a product." (Appellees' Joint Br. at 2–3.) They say the claim falls outside the Act because Mrs. Stegemoller was not in the vicinity of the product. They reason that the product at issue is insulation material that contains asbestos, not residue such as fibers from that material, and that Mrs. Stegemoller was not in the vicinity of the industrial jobsite where the insulation material was used.

This is too narrow a view. The normal, expected use of asbestos products entails contact with its migrating and potentially harmful residue. We conclude that divorcing the underlying product from fibers or other residue it may discharge is not consistent with the Act.

The manufacturers further argue that Mrs. Stegemoller was not in the product's vicinity during its "reasonably expected use." (Appellees' Joint Br. at 5–6.) Again, their reading is too restrictive. In *Butler v. City of Peru*, 733 N.E.2d 912, 914, 919 (Ind.2000), we held that a maintenance worker who was electrocuted while trying to restore power to an electrical outlet was a user or consumer as defined in the Act. Implicit in that holding was the assumption that maintenance may be part of a product's reasonably expected use.

The same is true of customary clean-up activities. Here, the reasonably expected use of asbestos products encompasses the cleansing of asbestos residue from one's person and clothing at the end of the workday.

We therefore hold, taking into account the nature of asbestos products, that Mrs. Stegemoller has a cognizable claim as a bystander under the Act.[2]

### Conclusion

We reverse the dismissal of this action and direct that it be reinstated.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**2.** Although our analysis necessarily focuses on the language of our state statute, we note that the concept of a "domestic bystander" has been recognized by other courts. *See Dube v. Pittsburgh Corning*, 870 F.2d 790 (1st Cir. 1989) (quoting trial court's reference to a "domestic bystander" who allegedly died of disease caused by asbestos dust carried home from a shipyard by her father, a naval employee); *Fuller–Austin Insulation Co. v. Bilder*, 960 S.W.2d 914 (Tex.Ct.App.1998), *abated,* Oct. 15, 1998, *judgment set aside*, Sep. 16, 1998 (describing woman exposed to dust carried home by her stepfather, an insulation installer, as "a bystander exposed to asbestos").

The Stegemollers argue in the alternative that if Mrs. Stegemoller lacks standing under the Act, she may bring a common law tort action. Because we conclude that she has a cognizable claim under the Act, we do not address this alternative.