James A. **MARTIN**, Administrator of the Estate of Madeline Martin, Deceased, and Widower in his own right, Appellant (Plaintiff Below),

v.

**ACandS, INC., et al., Appellees**
(Defendants Below).

No. 49S02–0202–CV–117.

Supreme Court of Indiana.

May 17, 2002.

---

Christopher D. Lee, Lee F. Baker, Kahn, Dees, Donovan & Kahn, LLP, Evansville, IN, for Kaiser Aluminum & Chemical Corp.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, IN, for Riley Stoker Corp.; Congoleum Corp.

Andrew J. Detherage, Jonathon D. Mattingly, Barnes & Thornburg, Indianapolis, IN, for Georgia–Pacific Corp.

Lisa M. Dillman, Fort Wayne, IN, for ACandS, Inc; North American Refractories Co.; A.P. Green Services.

Jason L. Kennedy, Segal McCambridge Singer & Mahoney, LTD, Chicago, IL, for A.P. Green Industries, Inc.; New Harbison–Walker Refractories Co.; Pittsburgh Metals Purifying; Plibrico Co.

Bruce L. Kamplain, Norris, Choplin & Schroeder, LLP, Indianapolis, IN, for Chicago Fire Brick Co.

Gus Sacopulos, Sacopulos Johnson & Sacopulos, Terre Haute, IN, for Beazer East; Universal Refractories.

Bette J. Dodd, Lewis & Kappes, P.C. Indianapolis, IN, for Hoosier Gasket Corp.

Robert E. Paul, Paul, Reich & Myers, P.C., Philadelphia, PA, Mark K. Dudley, Young, Riley, Dudley & Debrota, Indianapolis, IN, Attorneys for Appellant.

Douglas B. King, James M. Boyers, Wooden & McLaughlin LLP, Indianapolis, IN, for Flintkote Co.; J.M. Foster, Inc.; Bondex Int'l, Inc.

Michael Bergin, Daniel M. Long, Locke Reynolds LLP, Indianapolis, IN, for AlliedSignal, Inc.; Dana Corp.; Flexitallic, Inc.; Foseco, Inc.; General Motors Corp.; Quigley Co., Inc.; Union Carbide Corp.

SHEPARD, Chief Justice.

Madeline Martin allegedly died of lung cancer caused by asbestos fibers brought home on the clothing of her husband James, a laborer and bricklayer. The trial court dismissed the ensuing suit, holding that Mrs. Martin's personal representative could not bring a wrongful death action because Mrs. Martin did not qualify as a "user or consumer" eligible to pursue a claim under Indiana's Product Liability Act. The Court of Appeals affirmed. *Martin v. ACandS, Inc.*, 754 N.E.2d 52 (Ind. App.2001).

We granted transfer, and now reverse, holding that Mrs. Martin had standing as a bystander under the Act.[1]

### Analysis

■ The Act governs actions by users or consumers against manufacturers or sellers for physical harm caused by products. Ind.Code Ann. § 34–20–1–1 (West 1999). For purposes of the Act, "consumer" includes "any bystander injured by the product who would reasonably be expected to be in the vicinity of the product during its reasonably expected use." *Id.* at § 34–6–2–29. Who qualifies under this statutory definition is a legal question, to be decided by the court. *Estate of Shebel v. Yaskawa Elec. Am., Inc.,* 713 N.E.2d 275, 279 (Ind.1999).

■ We hold today in *Stegemoller v. ACandS, Inc.,* 767 N.E.2d 974 (Ind.2002), that a plaintiff who allegedly contracted a disease as a result of contact with asbestos fibers brought home on the person and clothing of her husband has standing as a bystander under the Act. Our reasoning in that case applies here, and we reach the same result: taking into account the nature of asbestos products, Mrs. Martin had a cognizable claim as a bystander under the Act.

■ Mr. Martin claims that he has an independent cause of action under the Act, as a product user who suffered physical harm in the form of lost services. (Appellant's Br. at 6.) Because we find that Mrs. Martin had standing under the Act, we need not address this argument. In wrongful death actions based on product liability,[2] damages may be awarded for the surviving spouse's loss of services, love, and affection. *Durham v. U–Haul Int'l,* 745 N.E.2d 755, 765 (Ind.2001) (loss of consortium "is a proper element of damages in a wrongful death action for the death of a spouse" and includes material services as well as love, care, and affection). Mr. Martin may therefore seek compensation for his loss based upon our holding that Mrs. Martin qualified as a bystander.

### Conclusion

We reverse the dismissal of this action and direct that it be reinstated.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

1. Defendants Kaiser Aluminum and Chemical Corp. and North American Refractories Co. have filed for bankruptcy, and this decision is thus subject to applicable rules of bankruptcy law as to them.

2. *See, e.g., FMC Corp. v. Brown,* 551 N.E.2d 444 (Ind.1990).