**Cathleen A. and Emmett O. CAMPLIN, Appellants (Plaintiffs Below),**

v.

**ACandS, INC., et al., Appellees (Defendants Below).**

No. 49S02–0202–CV–128.

Supreme Court of Indiana.

May 17, 2002.

---

1. Defendants Kaiser Aluminum and Chemical Corp. and North American Refractories Co. have filed for bankruptcy, and this decision is thus subject to applicable rules of bankruptcy law as to them.

2. *See, e.g., FMC Corp. v. Brown*, 551 N.E.2d 444 (Ind.1990).

Linda George, W. Russell Sipes, Laudig, George, Rutherford & Sipes, Indianapolis, Indiana, Attorneys for Appellants.

See Appendix A, Attorneys for Appellees.

SHEPARD, Chief Justice.

Cathleen Camplin allegedly contracted a disease as a result of contact with asbestos fibers brought home on the person and clothing of her husband Emmett, a union insulator. The trial court dismissed the Camplins' suit on the basis that Mrs. Camplin lacked standing under Indiana's Product Liability Act.

The Indiana Court of Appeals invited us to accept jurisdiction over the Camplins' appeal because it involves the same issue as another case in which we had granted transfer. *See Stegemoller v. ACandS, Inc.,* 749 N.E.2d 1216, 1220 (Ind.Ct.App. 2001), *transfer granted,* 761 N.E.2d 423 (Ind.2001). We accepted jurisdiction, and now hold that Mrs. Camplin has standing as a bystander under the Act.[1]

### Analysis

The Act governs actions by users or consumers against manufacturers or sellers for physical harm caused by products. Ind.Code Ann. § 34–20–1–1 (West 1999). For purposes of the Act, "consumer" includes "any bystander injured by the product who would reasonably be expected to be in the vicinity of the product during its reasonably expected use." *Id.* § 34–6–2–29. Who qualifies under this statutory definition is a legal question, to be decided by the court. *Estate of Shebel v. Yaskawa Elec. Am., Inc.,* 713 N.E.2d 275, 279 (Ind. 1999).

We hold today in *Stegemoller v. ACandS, Inc.,* 767 N.E.2d 974 (Ind.2002), that a plaintiff who allegedly contracted a disease as a result of contact with asbestos fibers brought home on the person and clothing of her husband has standing as a bystander under the Act. Our reasoning in that case applies here, and we reach the same result: taking into account the nature of asbestos products, Mrs. Camplin has a cognizable claim as a bystander under the Act.

### Conclusion

We reverse the dismissal of this action and direct that it be reinstated.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

## APPENDIX A: ATTORNEYS FOR APPELLEES

Sonia C. Das, Sue Mehringer, Lisa Dillman, Lewis & Wagner, Indianapolis, Indiana, for ACandS, Inc.; North American Refractories Co.

Michael Bergin, Daniel Long, Locke Reynolds LLP, Indianapolis, Indiana, for Amchem Products; C.E. Thurston; Certain Teed Corp.; Flexitallic; T & N, PLC; Union Carbide.

John L. Lisher, Osborne, Hiner & Lisher, Indianapolis, Indiana, for Oakfabco, Inc.

Douglas B. King, Jeffrey McKean, Roger Orlup, Wooden & McLaughlin, LLP, Indianapolis, Indiana, for Rapid American; Flintkote Co.

Christopher Lee, Kahn, Dees, Donovan & Kahn, Evansville, Indiana, for Combustion Engineering; Kaiser Aluminum & Chemical.

Jason L. Kennedy, Segal, McCambridge, Singer & Mahoney, Chicago, Illinois, for Foster Wheeler LLC; A.P. Green; Harbison–Walker Refractories Co.

James E. Rocap, Jeffrey B. Fetch, Rocap Witchger LLP, Indianapolis, Indiana, for Fargo Insulation.

Stacy Alexander, Reginald Bishop, Roberts & Bishop, Indianapolis, Indiana, for D.B. Riley, Inc.

Edward Harney, Hume, Smith, Geddes, Green & Simmons, LLP, Indianapolis, Indiana, for BMW Constructors, Inc.

Kevin Knight, Ice Miller, Indianapolis, Indiana, for General Electric Co.

Randall Nye, Scott Loitz, Beckman, Kelly & Smith, Hammond, Indiana, for General Refractories; Grefco.

## APPENDIX A: ATTORNEYS FOR ▆▆▆▆▆▆

Mary K. Reeder, Charles C. Douglas, Riley, Bennett & Egloff, LLP, Indianapolis, Indiana, for Central Supply Co.