DICKSON, Justice,
dissenting.
I dissent to express my strong disagreement with the Court's conclusion that a worker installing a defective and unreasonably dangerous product is deprived of the right to assert a strict liability claim under the Indiana Product Liability Act, Indiana Code § $4-20-2. The plaintiff, Stephen Vaughn, should be permitted to bring this strict lability action as a "user" or "consumer" under the Act.
The majority's reasoning is based upon its belief that a person should not be considered a "user" or "consumer" of a product under the Product Liability Act unless the product is "in the final state called for by the arrangement between the buyer and the seller." Opin. at 1142. I disagree. For purposes of the Act, the word "product" is defined to mean "any item or good that is personalty at the time it is conveyed by the seller to another party." Ind.Code § 34-6-2-114. And "convey" should be given its plain and ordinary meaning, "to take or carry from one place to another; transport." Hermace Dictionary 820 (2d ed.1985).
*1147 In this case, the Daniels Company, Inc. arranged the shipment of the allegedly defective sump to the premises of Solar Sources, Inc. for installation there by Trimble Engineers and Constructors, Inc. Applying these facts to the definition of "product," the uninstalled sump is an "item or good," and it was "personalty" at the time it was "conveyed" by Daniels to the Solar Sources site.
Using this application of the statutory definition of "product," I conclude that in shipping the sump for installation, Daniels was "a person who sells, leases, or otherwise puts into the stream of commerce any product," and that Vaughn was a "user or consumer," thus governed by the Product Liability Act, which provides in relevant part as follows: ©
a person who ... puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer ... is subject to liability for physical harm caused by that product to the user or consumer ... if ... that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition.
Ind.Code § 34-20-2-1 (formerly § 33-1-1.5-3) (emphasis added). On the date of Vaughn's worksite injuries, December 12, 1995, the phrase "user or consumer" was defined, in relevant part, to include "any individual who uses ... the product ... or any bystander injured by the product who would reasonably be expected to be in the vicinity of the product during its reasonably expected use." Ind.Code § 34-6-2-29 (formerly § 33-1-1.5-2(1))[1] The Act also states that Section 1, quoted above, "applies although ... the user or consumer has not bought the product from or entered into any contractual relation with the seller." Ind.Code § 34-20-2-2(2) (formerly § 83-1-1.5-8). Giving fair and reasonable meaning to the plain language of these statutory provisions, it seems clear that Vaughn is entitled to the protection of the Act, certainly as a user and perhaps as a bystander.
In Stegemoller v. ACandS, Inc., 767 N.E.2d 974, 976 (Ind.2002), we construed the Act to apply to a worker's spouse who contracted a disease from asbestos fibers brought home on the person and clothing of her husband. We emphasized consideration of the normal and reasonably expected use of the product and rejected the defendant's arguments that the spouse was not covered by the Act as "too narrow a view" and "not consistent with the Act." Id. Similarly, in Butler v. City of Peru, 733 N.E.2d 912, 919 (Ind.2000), we found the Act could apply to a maintenance worker injured while attempting to repair a product, holding that he fell under the definition of "user or consumer."
After reviewing relevant Indiana appellate decisions, the Court of Appeals correctly concluded that Vaughn was entitled to pursue an action against Daniels under the Act. Noting our recent decisions, it held:
It is a logical extension of the [Slu-preme [Clourt's analysis to include in the definition of user or consumer a person who is injured while installing a product. The installation of a product is the preparation of a product for safe operation, just as maintenance is in many cases.... The installation process *1148 was not only foreseeable but expected and routine .... If Vaughn was, in fact, injured by Daniels defective product, it seems illogical that he would be preelud-ed from pursuing a suit against Daniels simply because the sump was not completely installed when he was injured while trying to install it, particularly when the alleged defect affected his ability to install it safely.
777 N.E.2d at 1127-28. In my view, the Court of Appeals is exactly right.
Just like the worker's spouse in Stegem-oller and the maintenance worker in Butler, Vaughn, as an installer of the product in this case, should be entitled to present a strict Hability claim under the Product Liability Act. The coal sump manufacturer, Daniels, obviously knew that its product had to be installed and that the installation workers would be exposed to any product defects creating dangers in the installation process. I cannot join the Court in adopting a rule that protects manufacturers from full strict liability accountability under the Act for injuries caused by their defective and unreasonably dangerous products and sustained by the workers who install them.
I also disagree with the majority's conclusion finding Solar not liable despite the fact that Solar was charged with specific duties to provide certain railings under the Federal Mine Safety and Health Act of 1977.
For these reasons, I dissent and believe that this Court should reverse in all respects the trial court's grant of summary judgment to Daniels and Solar.
RUCKER, J., concurs.

. When the Act was recodified in 1998, the language previously used to define "user or consumer" was retained verbatim but rearranged, renumbered, and placed under the definition of "consumer," with a new separate definition of "user" as having "the same meaning as the term 'consumer,' which is set forth in section 29 of this chapter." Ind.Code § 34-6-2-147.